UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MORTGAGE FUND IVC TRUST 2016-RN5,

Plaintiff,

v.

DEWEY D. BROWN, *et al.*,

Defendants.

Case No. 2:17-cv-2309-KJD-BNW

**ORDER**

This is an action to determine who holds the superior interest in a property located at 2175 Clearwater Lake Drive in Las Vegas, Nevada. On September 24, 2019, the Court determined that the plaintiff, Mortgage Fund IVC Trust, held the superior interest by virtue of a lender's deed of trust. In so finding, the Court quieted title in Mortgage Fund and declared that its deed of trust survived Sun City Anthem Community Association's nonjudicial foreclosure. See Order 10, ECF No. 45. Though the Court's order did not adjudicate all of Mortgage Fund's claims, defendant Saticoy Bay LLC appealed the decision to the Ninth Circuit. Not. of App., ECF No. 47. On January 23, 2020, the Ninth Circuit dismissed the appeal for want of jurisdiction. ECF No. 50. The appellate court found that "[a] review of the record demonstrates that this court lacks jurisdiction over this appeal because the judgment challenged in the appeal is not final or appealable." Id. at 1. This order follows.

In September of 2017, Mortgage Fund IVC Trust brought four causes of action against four defendants. It alleged: (1) a quiet title/declaratory judgment claim against each defendant; (2) a judicial foreclosure claim against borrowers Dewey and Lillian Brown and against Republic Services; (3) an alternative breach of contract claim against the Browns; and (4) an injunctive relief claim against Saticoy Bay. Compl. 5–13, ECF No. 1. Each of the defendants received service of process. See ECF Nos. 6 (Republic Services), 7 (Saticoy Bay), 13 (Dewey

Brown), and 14 (Lillian Brown). Yet, only Saticoy Bay actively participated in the suit.

In May of 2018, Mortgage Fund and Saticoy Bay filed competing motions for summary judgment on Mortgage Fund's quiet title/declaratory relief claim. The Court granted judgment in Mortgage Fund's favor on the quiet title claim and dismissed its injunctive relief claim. Order at 4. By granting summary judgment on the quiet title claim and dismissing the injunctive relief claim, the Court adjudicated each of the claims against Saticoy Bay. Mortgage Fund did not move for summary judgment on its judicial foreclosure or alternative breach of contract claims against Republic Services or the Browns, so the Court did not reach them.[1] Accordingly, those two claims survived summary judgment.

Shortly after summary judgment, Mortgage Fund voluntarily dismissed its alternative breach of contract claim against Dewey and Lillian Brown. See Not. of Vol. D., ECF No. 49. Mortgage Fund did not voluntarily dismiss its judicial foreclosure claims against Republic Services, however. As far as the Court can tell, that lone claim against Republic Services persists and prevents the Ninth Circuit from exercising jurisdiction over Saticoy Bay's appeal.

Accordingly, IT IS HEREBY ORDERED that plaintiff Mortgage Fund IVC Trust shall seek a default judgment under FRCP 55 against Republic Services or voluntarily dismiss its judicial foreclosure claim within fourteen days of the entry of this order. If Mortgage Fund elects not to dismiss that claim or seek a default judgment, it shall file a status report on that claim within fourteen days of entry of this order.

Dated this 23rd day of January, 2020.


_____
Kent J. Dawson
United States District Judge

---

[1] The Court found, "[Mortgage Fund] seeks summary judgment only on its quiet title and declaratory relief claim against each defendant and its claim for injunctive relief against Saticoy Bay." Order at 4. It also recognized that "[Mortgage Fund's] two remaining claims are judicial foreclosure against the original borrower[s] and Republic Services and breach of contract against the borrower[s]." Id. at 4 n.2.