# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORTGAGE FUND IVC TRUST 2016-RN5, | Case No.: 2:17-cv-02309-KJD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| DEWEY D. BROWN, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Mortgage Fund IVC Trust 2016-RN5's ("the Trust's") motion to seal. ECF No. 65. No opposition was filed.

The Trust seeks to seal Exhibit A to its Motion for Summary Judgment, which contains a promissory note and payment information. ECF Nos. 65, 66. The Court finds that the Trust has not met the compelling reasons standard required to seal the documents mentioned above and will, therefore, deny the Trust's motion.

**I.     Background**

By way of background, the Trust filed this case and sought a declaration that an HOA's foreclosure sale did not extinguish its deed of trust to a property. ECF No. 1. The Trust obtained declaratory relief, and the court entered default against the borrowers and lienholder. ECF Nos. 45, 46, 55, 60. The Trust then filed a motion for summary judgment, seeking a judicial foreclosure on the property to satisfy the outstanding balance of the loan. ECF No. 64. The Trust now seeks to seal an exhibit attached to its motion for summary judgment. ECF No. 65.

## II. Analysis

The public has the right to inspect and copy judicial records and documents, but this right is not absolute. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to seal judicial records filed in connection with a dispositive motion, the party must meet the "compelling reasons" standard. *Id.* at 1178-79. This standard also applies if the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The party seeking to seal judicial records bears the burden to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. Compelling reasons must outweigh public policies favoring disclosure, including "public interest in understanding the judicial process." *Id*. Generally, there are compelling reasons to seal judicial documents when the documents "might have become a vehicle for improper purposes." *Id*. at 1179. This includes records that "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. But documents that cause "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

Here, the Trust seeks to seal an exhibit containing a promissory note and payment information that identify the current balance of the loan along with breakdowns of the amounts due. ECF Nos. 65, 66. The Trust argues that the information within the exhibit is "sensitive," and the borrower's privacy outweighs the public interest in accessing the documents. ECF NO. 65 at 3. The Trust asserts that public access to these records "does not promote the public's understanding of the judicial process." *Id*. And the Trust argues that the loan note information within the exhibit is designated nonpublic information under 15 U.S.C. § 6809(4)(A) and 12 C.F.R. §§ 1016.3(p)(1)(i); 1016.3(q)(2)(i).

Here, the Court finds that the compelling reasons standard applies because the exhibit Plaintiff seeks to seal is attached to their motion for summary judgment (a dispositive motion). ECF No. 64; *see Kamakana*, 447 F.3d at 1178-79. However, the Trust does not provide sufficient justification to meet the compelling reasons standard required to seal the exhibit. The Trust does not explain how the loan documents could "become a vehicle for improper purposes." *Kamakana*, 447 F.3d. at 1179. And while the Trust asserts that privacy interests outweigh the public's interest in accessing these documents, "[s]imply invoking a blanket claim, such as privacy . . . will not, without more, suffice to exempt a document from the public's right of access." *See* ECF No. 65 at 3; *Kamakana*, 447 F.3d. at 1185.

The Trust failed to show how the information within the exhibit will infringe on the borrower's privacy interests if publicly available. *See Kamakana*, 447 F.3d. at 1185. The Trust has properly redacted portions of the exhibit it seeks to seal. ECF No. 66. The documents do not include personal identifying information such as the borrower's social security number, date of birth, or financial account numbers. *Id*. Moreover, the Court finds that much of the information within the loan documents that the Trust seeks to seal, such as the address of the property in dispute, loan principal, and interest rate, has already been made public in the Trust's complaint, motion for summary judgment, and other filings. *See e.g.,* ECF No. 1 at 3; ECF No. 64 at 6.

Furthermore, the Trust does not demonstrate a compelling reason to seal the exhibit at issue by citing the Gramm-Leach-Bliley Act. This is so because the Trust also states that the information it seeks to seal "may fall within an exception to GLBA" but "out of an abundance of caution" asks the Court to seal it anyway. ECF No. 65 at 3. If the Trust believes that the information may not be disclosed in a judicial proceeding under the GLBA, they should so state and explain why it does not fall within an exception. If the Trust believes that the information

falls within an exception to the GLBA, they should so state and explain why it should be sealed nonetheless. By not doing this, the Trust implicitly asks the Court to create its own argument regarding why the information does not fall within an exception to the GLBA or does but should still be sealed. The Court will not do this.

Accordingly, the Trust has not overcome the strong presumption in favor of maintaining public access. *Kamakana*, 447 F.3d at 1178.

### III. Conclusion

**IT IS ORDERED** that the Trust's Motion to File Under Seal (ECF No. 65) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Trust shall have until September 11, 2020, to articulate compelling reasons to seal the documents consistent with this opinion. The court will maintain these documents under seal until then. It will unseal them if no motion is filed before that deadline or no compelling reasons are articulated in any subsequent motion.

DATED: August 10, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE