UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MORTGAGE FUND IVC TRUST 2016-RN5, <br><br> Plaintiff, <br><br> v. <br><br> DEWEY D. BROWN, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-2309-KJD-BNW <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration (#70). Plaintiff responded in opposition (#76) to which Defendant replied (#77).

I.   Factual and Procedural Background

As this is a motion for reconsideration and the parties are familiar with the facts, only a brief summary will be provided. In 2008 Defendants Dewey and Lillian Brown purchased the property in question at 2175 Clearwater Lake Drive in the Las Vegas valley. (#45, at 2). The Browns fell behind on their monthly Homeowners' Association ("HOA") assessments and the HOA began foreclosure proceedings. Id. The HOA, through Red Rock Financial Services ("Red Rock"), recorded a lien for Delinquent Assessments against the property. Id. Red Rock sent a letter to the interested party, indicating there would be a foreclosure sale and that the "Association's lien for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder." Id. at 3. The owners did not pay the outstanding balance and Defendant Saticoy Bay purchased the home at the foreclosure sale for $45,100. Id. at 2. Saticoy Bay believed it purchased the property free and clear while Plaintiff claimed the property was still encumbered by its own deed of trust. Id. at 3. Plaintiff brought this suit seeking a declaration that its deed of trust still encumbered the property. Id.

On September 24, 2019, the Court granted Plaintiff's motion for summary judgment,

1  finding that the letter sent to the owner constituted fraud, unfairness, or oppression that rendered
2  equitable unwinding of the foreclosure sale appropriate. Id. at 1. Additionally, the Court found
3  the sales price was proven to be grossly inadequate. Id. at 10. Six months later, on March 26,
4  2020, Defendants brought this motion to reconsider. They argue that the Nevada Court of
5  Appeals has since changed the governing law, which requires the Court to reconsider its motion
6  granting summary judgment in favor of Plaintiff. The issue is fully briefed and ripe for
7  resolution.

   II.   Legal Standard

9   A motion to reconsider a final appealable order is appropriately brought under either Rule
10  59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226
11  F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion
12  of the trial court. See School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262
13  (9th Cir. 1993).
14  A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the
15  interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of
16  Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion must be filed no later than
17  twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A
18  motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the
19  specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr.
20  Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b)
21  motion for relief from judgment or order. See id.
22  Rule 60(b)(1) "authorizes the alteration of judgment based on 'mistake, inadvertence, or
23  excusable neglect.'" Straw v. Bowen, 866 F.2d 1167, 1171 (9th Cir. 1989) (quoting FED. R. CIV.
24  PRO. 60(b)(1)). Rule 60(b)(6) "allows alteration for 'any other reason justifying relief from the
25  judgment.'" Id. at 1172 (quoting FED. R. CIV. PRO. 60(b)(6)). A 60(b)(1) motion "must show that
26  the district court committed a specific error." Id. To prevail on a Rule 60(b)(6) motion, a

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

1   "plaintiff must demonstrate 'extraordinary circumstances' to justify relief from judgment." Id.
2   (quoting United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982)).

3       III.    Analysis

4   Defendant argues that a recent Nevada Court of Appeals ruling changed the analysis
5   courts are to undergo before equitably unwinding a foreclosure sale. According to Defendant,
6   evidence of fraud, unfairness, or oppression is not enough and plaintiffs must must now also
7   prove that they relied on the fraudulent, unfair, or oppressive act. Plaintiff argues that
8   Defendant's motion is untimely, based on arguments that it did not raise previously, and that
9   even if the Court agrees to the new standard, Plaintiff did prove reliance on the unfair act, which
10  makes reconsideration improper.
11  Defendant did not bring this motion within the 28-day period permitted by the rule. As
12  such, the Court considers it a motion for relief from judgment under Rule 60(b). Defendant must
13  prove that the Court made a specific error or that extraordinary circumstances exist to justify
14  relief from the judgment. FED. R. CIV. PRO. 60(b)(1), (6). Defendant has failed to do so.
15  Defendant relies on two unpublished orders of affirmance in its argument: one from a Nevada
16  Supreme Court opinion and another from a Nevada Court of Appeals order. The unpublished
17  orders do not constitute a clear change in the law. Even if they did, nothing in the orders
18  indicates retroactivity. When this Court issued the order granting summary judgment, it applied
19  the law as it was at the time. These new unpublished orders issued months after the judicial
20  decision do not constitute a specific error worthy of relief from a judgment. Additionally,
21  Defendant has not shown extraordinary circumstances that justify such relief. FED. R. CIV. PRO.
22  60(b)(6). The Court denies Defendant's motion for relief from the judgment.
23  //
24  //
25  //
26  //
27  //
28  //

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (#70) is **DENIED**.

Dated this 19th day of January, 2021.

                                        Kent J. Dawson
                                        United States District Judge