UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORTGAGE FUND IVC TRUST 2016-RN5,<br><br>   Plaintiff,<br><br>   v.<br><br>DEWEY D. BROWN, *et al.*,<br><br>   Defendants. | Case No. 2:17-cv-2309-KJD-BNW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Summary Judgment (#64). Defendant responded in opposition (#71) to which Plaintiff replied (#75).

I.      Factual and Procedural Background

In 2008 Defendants Dewey and Lillian Brown purchased the property located at 2175 Clearwater Lake Drive in the Las Vegas valley. (#45, at 2). The Browns fell behind on their monthly Homeowners' Association ("HOA") assessments and the HOA began foreclosure proceedings. Id. The HOA, through Red Rock Financial Services ("Red Rock"), recorded a lien for Delinquent Assessments against the property. Id. Red Rock sent a letter to the interested party, indicating there would be a foreclosure sale and that the "Association's lien for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder." Id. at 3. The owners did not pay the outstanding balance and Defendant Saticoy Bay purchased the home at the foreclosure sale for $45,100. Id. at 2. Saticoy Bay believed it purchased the property free and clear while Plaintiff claimed the property was still encumbered by its own deed of trust. Id. at 3. Plaintiff brought this suit seeking a declaration that its deed of trust still encumbered the property. Id.

On September 24, 2019, this Court granted Plaintiff's motion for summary judgment seeking a declaratory judgment that its deed of trust survived the HOA's foreclosure, finding that the letter sent to the owner constituted fraud, unfairness, or oppression that rendered equitable

unwinding of the foreclosure sale appropriate. Id. at 1. Additionally, the Court found the sales price proved to be grossly inadequate. Id. at 10. Six months later, on March 26, 2020, Defendants brought a motion to reconsider. The Court denied that motion. Now before the Court is Plaintiff's motion for summary judgment regarding judicial foreclosure, its final claim.

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)).

III.    Analysis

Plaintiff argues that it is entitled to enforce its deed of trust on the property. Plaintiff seeks a judicial foreclosure in the amount owed so the property may be sold with the proceeds being used to pay down the debt owed to Plaintiff. Defendant Saticoy Bay responded in opposition to the motion. However, Defendant did not address any of Plaintiff's arguments. Defendant's argument against summary judgment is that Defendant has filed a pending motion

seeking a Rule 54(b) determination that would permit Defendant's appeal of this Court's previous order to proceed. Defendant argues that it is likely to prevail on appeal and that this Court should stay the proceedings until the appeal is complete. However, Defendant does not provide the Court with any analysis regarding this type of stay or why it is likely to prevail on appeal. As such, the Court interprets Defendant's failure to respond to Plaintiff's arguments as an admission of the motion's merit and as consent to granting the motion. King v. Cartlidge, 124 P.3d 1161, 1162 (Nev. 2005) (stating that district courts have discretion to consider the failure to oppose a motion as an admission of merit and as consent to grant the motion). The Court also considers Defendant's failure to respond as an admission that there are no genuine issues of material fact.

"To recover a debt secured by real property in Nevada, a creditor must seek to recover on the property through judicial foreclosure before recovering from the debtor personally." McDonald v. D.P. Alexander & Las Vegas Blvd., LLC, 123 P.3d 748, 750 (Nev. 2005). The parties do not dispute that Plaintiff is the current assignee of the of deed of trust. As such, Plaintiff is entitled to enforce the deed of trust. As the note holder and possessor, Plaintiff is also permitted to enforce the note. The Browns have failed to make the requisite payments to satisfy the debt and Plaintiff is entitled to foreclosure to collect the money it is owed. As such, the Court grants Plaintiff's motion for summary judgment regarding judicial foreclosure. The proceeds of the sale will be used to satisfy the debt owed to Plaintiff.

Defendant Saticoy Bay also seeks a Rule 54(b) determination regarding the Court's previous summary judgment ruling. (#69). Such a determination would allow Defendant to appeal that ruling while the surviving claims remained unresolved. However, with the Court's granting of summary judgment on this, the final claim, Defendant's motion is moot. The case is now completely resolved and ripe for appeal.

//
//
//
//

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#64) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion for FRCP 54(b) Determination (#69) is **DENIED** as moot.

Dated this 19th day of January, 2021.

                                                                                  _____
                                                                                  Kent J. Dawson
                                                                                  United States District Judge